**Jagir SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72522.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

Hardeep Singh Rai, Manish Daftari, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Thankful T. Vanderstar, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Constance A. Wynn, Esq., U.S. Department of Justice Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before LEAVY, McKEOWN, and GOULD, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jaspal SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–72864.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2006.[*]

Filed Nov. 14, 2006.

MEMORANDUM [**]

Jagir Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Kaur v. Gonzales,* 418 F.3d 1061, 1064 (9th Cir. 2005), and we deny the petition.

Singh challenges the IJ's denial of asylum based on an adverse credibility determination. In light of the particular facts presented here, including the IJ's finding regarding Singh's "readily shifting" testimony, we conclude that the inconsistencies in Singh's testimony deprive his claim of the requisite "ring of truth." *See id.* at 1067. Accordingly, we conclude that the evidence in this case does not compel a finding that the petitioner was credible, or that the IJ's credibility determination was based on impermissible grounds. *Id.*

In the absence of credible evidence, Singh has failed to show eligibility for asylum or withholding. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Because Singh's claim under the CAT is based on the same facts that the IJ found to be not credible, and Singh points to no other evidence the IJ should have considered, he has failed to establish eligibility for relief under the CAT. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).